JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Asante-Ansong

## DEFENDANTS

Gruma Corporation d/b/a Mission Foods

**(b)** County of Residence of First Listed Plaintiff   Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Luzerne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anna D. Norman, Esq., Console Mattiacci Law, LLC,
1525 Locust Street, 9th Flr., Phila., PA 19102;
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | | | ☐ 485 Telephone Consumer |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"), 29 U.S.C. §2601, et. seq. ("FMLA"), 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings claims against Defendant for race and national origin discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
5/11/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Nanticoke, PA 18634 _____

Address of Defendant: _____ 15 Elmwood Avenue, Mountain Top, PA 18707 _____

Place of Accident, Incident or Transaction: _____ 15 Elmwood Avenue, Mountain Top, PA 18707 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/11/2021** _____     **324143**

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Anna D. Norman, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **05/11/2021** _____     **324143**

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| David Asante-Ansong | : | CIVIL ACTION |
| v. | : | |
| Gruma Corporation d/b/a Mission | : | |
| Foods | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | | |
|---|---|---|
| 5/11/2021 | | Plaintiff, David Asante-Ansong |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | norman@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID ASANTE-ANSONG**<br>Nanticoke, PA 18634 : | |
| Plaintiff, : | |
| v. : | **CIVIL ACTION NO.** |
| **GRUMA CORPORATION d/b/a<br>MISSION FOODS** :<br>15 Elmwood Avenue :<br>Mountain Top, PA 18707 : | |
| Defendant. : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.   INTRODUCTION

Plaintiff, David Asante-Ansong ("Plaintiff"), brings this action against his former employer, Defendant, Gruma Corporation d/b/a Mission Foods ("Defendant"), for discrimination based on race (black) and/or national origin (Ghanaian), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as well as violations of the Family Medical Leave Act, 29 U.S.C. §2601, *et. seq.* ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff, a high-performing Human Resources professional, performed the duties and responsibilities of a Human Resources Manager position amid a series of vacancies in the position. Still, Defendant failed to promote him into the Human Resources Manager position. Then, after Plaintiff requested FMLA leave (and subsequently took paid time off leave), he was terminated without warning. Plaintiff seeks damages, including back pay, front pay, compensatory, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

1

II.  **PARTIES**

1.      Plaintiff is an individual and a citizen of Pennsylvania.

2.      Plaintiff is of Ghanaian origin.

3.      Plaintiff is African/Black.

4.      Defendant is a corporation duly organized and existing under the laws of Pennsylvania with a principal place of business located at 15 Elmwood Avenue, Mountain Top, Pennsylvania, 18707.

5.      Defendant engages in an industry affecting interstate commerce that regularly does business in Pennsylvania and with entities and individuals in Pennsylvania.

6.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.      At all times material hereto, Defendant acted as an "Employer" within the meaning of the statutes that form the basis of this matter.

8.      At all times material hereto, Plaintiff was an "Employee" of Defendant within the meaning of the statutes that form the basis of this matter.

9.      At all times material hereto, Defendant employed more than 50 employees.

10.     At all times material hereto, Plaintiff worked one thousand two hundred fifty (1,250) hours during the twelve (12) month period prior to the start of his requested FMLA leave.

III.  **JURISDICTION AND VENUE**

11.     The causes of action that form the basis of this matter arise under Title VII, the FMLA, and the PHRA.

2

12.     The District Court has jurisdiction over Count I (Title VII) and Count II (FMLA) pursuant to 28 U.S.C. § 1331.

13.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b), as Defendant resides within this District within the meaning of 28 U.S.C. § 1391(c)(2).

15.     On or about September 20, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein (the "Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

16.     On March 5, 2021, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff was hired by Defendant on September 5, 2017.

19.     Plaintiff held the position of Human Resources Representative.

20.     Plaintiff consistently performed his job duties in a highly competent manner, and received positive feedback.

21.     Plaintiff last reported to Petra Ann Lee (Hispanic) (Guyanese)[1], who reported to Kevin Schuman (white) (American), Human Resources Director.

22.     Between September 2017 and October 2017, Plaintiff reported to Hector Salgado (Hispanic) (Mexican), Human Resources Manager.

23.     In or about October 2017, Salgado separated from Defendant.

24.     Between October 2017 and January 2018, Plaintiff performed the duties and responsibilities of the Human Resources Manager position.

25.     In or about January 2018, Plaintiff applied and was interviewed for the open Human Resources Manager position.

26.     In or about January 2018, Defendant failed to promote Plaintiff to the open Human Resources Manager position. The stated reason was that the Human Resources Manager position required fluency in Spanish.

27.     Defendant's stated reason for not promoting Plaintiff to the Human Resources Manager position is pretext.

28.     Plaintiff was not promoted because of his race and/or national origin.

29.     Defendant hired Harold Smith (white) (American), an external candidate, as Human Resources Manager instead of Plaintiff.

30.     Plaintiff was more qualified than Smith to perform the Human Resources Manager position.

31.     In January 2018, Plaintiff began reporting to Smith.

32.     In or about August 2018, Smith was terminated from Defendant.

---

[1] All ethnicities and national origins stated herein are to the best of Plaintiff's knowledge.

33.     Between August 2018 and October 2018, Plaintiff performed the duties and responsibilities of the Human Resources Manager.

34.     From the period between August 2018 and October 2018, Defendant failed to promote Plaintiff to, or interview Plaintiff for, the Human Resources Manager position because of his race and/or national origin.

35.     In or about October 2018, Defendant selected Phillip Selig (white) (American) as the interim Human Resources Manager.

36.     In or about October 2018, Plaintiff began reporting to Selig.

37.     Although Selig was the interim Human Resources Manager, Plaintiff continued to perform the duties and responsibilities of the Human Resources Manager position from October 2018 through March 2019.

38.     Plaintiff was more qualified than Selig to perform the interim Human Resources Manager position.

39.     From the period between October 2018 and March 2019, Defendant failed to promote Plaintiff to, or select Plaintiff for, the interim Human Resources Manager position because of his race and/or national origin.

40.     In or about March 2019, Anabell Saunders (Hispanic) (American), an external candidate, was hired as Human Resources Manager.

41.     Plaintiff was more qualified than Saunders to perform the Human Resources Manager position.

42.     Defendant failed to promote Plaintiff to, or interview Plaintiff for, the Human Resources Manager position in or about March 2019 because of his race and/or national origin.

43.     In or about March 2019, Plaintiff began reporting to Saunders in this capacity.

44.     In or about April 2019, Saunders separated from Defendant.

45.     Between April 2019 and June 2019, Plaintiff performed the duties and responsibilities of the Human Resources Manager.

46.     From the period between April 2019 and June 2019, Defendant failed to promote Plaintiff to, or interview Plaintiff for, the Human Resources Manager position because of his race and/or national origin.

47.     In or about June 2019, Defendant hired Petra Ann Lee (Hispanic) (Guyanese) as Human Resources Manager.

48.     To Plaintiff's knowledge and belief, Lee does not speak Spanish.

49.     Plaintiff was more qualified and experienced than Lee to perform the Human Resources Manager position.

50.     Plaintiff consistently performed the Human Resources Manager position in a highly competent manner, and received positive feedback.

51.     Defendant's stated reason for failing to promote Plaintiff to the Human Resources Manager position – fluency in Spanish – is pretext.

52.     Defendant failed to promote Plaintiff because of his race and/or national origin.

53.     To Plaintiff's knowledge and belief, Defendant has not hired or promoted any Black individuals to the Human Resources Manager position.

54.     To Plaintiff's knowledge and belief, Defendant has not hired or promoted any individuals of African descent to the Human Resources Manager position.

55.     In or about July 2019, Plaintiff learned that his father was diagnosed with a serious medical condition.

56.     Following Plaintiff's father's diagnosis, Plaintiff requested an FMLA-approved leave of absence from July 30, 2019 through August 2, 2019.

57.     Plaintiff requested and commenced Paid Time Off leave from July 30, 2019 through August 2, 2019.

58.     Following Plaintiff's return to work on August 5, 2019, in a meeting with Lee and Defendant's Plant Manager, Hugo Andrade (Hispanic) (American), Plaintiff was terminated, effective immediately.

59.     When asked, both Lee and Andrade told Plaintiff that they did not know the reason for his termination.

60.     Defendant terminated Plaintiff's employment because of his race and/or national origin and in retaliation for his request for and exercise of medical leave protected by the FMLA.

61.     To Plaintiff's knowledge and belief, Plaintiff's job duties were performed by non-Black/non-Ghanaian employees following his termination.

62.     To Plaintiff's knowledge and belief, Plaintiff was one (1) out of two (2) black employees, out of a total of six (6) employees in Defendant's Human Resources department.

63.     Plaintiff's race/national origin was a motivating and/or determinative factor in Defendant's discriminatory treatment of him, including, without limitation, failing to promote him to the Human Resources Manager position and terminating his employment.

64.     Plaintiff's request for and/or exercise of leave protected by the FMLA was a determinative and/or motivating factor in Defendant's decisions to terminate his employment.

65.     As a direct and proximate cause of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred and may in the future incur a loss of earnings and/or

7

earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

66.     Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

67.     The conduct of Defendant, as set forth above, was outrageous and warrants the imposition of punitive damages against Defendant.

## COUNT I
## (VIOLATION OF TITLE VII)

68.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

69.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII, including failing to promote him to the Human Resources Manager position and terminating his employment.

70.     Said violations were intentional and made with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

71.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

73.     No previous application has been made for the relief requested herein.

8

## COUNT II
## (VIOLATION OF THE FMLA)

74.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

75.     Pursuant to the FMLA, Plaintiff had a right to be restored to the same or an equivalent position upon his return from FMLA-protected medical leave.

76.     Intent is not necessary to establish interference under the FMLA.

77.     Defendant deprived Plaintiff of rights to which he was entitled under the FMLA, including the right to be reinstated to the same or an equivalent position.

78.     Defendant terminated Plaintiff in retaliation for his request for and/or exercise of FMLA-protected leave.

79.     By committing the foregoing acts of interference and retaliation against Plaintiff, Defendant violated the FMLA.

80.     As a result of (1) Defendant's interference with Plaintiff's right to take leave and be reinstated to the same or an equivalent position; and (2) Defendant's retaliation against Plaintiff for exercising his right to take leave, Defendant denied Plaintiff his rights under the FMLA.

81.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

82.     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE PHRA)

85.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

86.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA, including failing to promote him to the Human Resources Manager position and terminating his employment.

87.     Said violations were intentional and willful.

88.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

89.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)    awarding punitive damages to Plaintiff;

(i)    awarding liquidated damages to Plaintiff;

(j)    awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA, and the PHRA;

(k)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

BY:    */s/ Anna D. Norman*_____
          Anna D. Norman, Esq.
          Daniel S. Orlow, Esq.
          1525 Locust St., 9th Floor
          Philadelphia, PA 19102
          norman@consolelaw.com
          (215) 545-7676

          *Attorney for Plaintiff, David Asante-Ansong*

Dated: May 11, 2021

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

COMPLAINANT:                                    :
                                                :
**DAVID ASANTE-ANSONG**                         :            Docket No.
                                                :
v.                                              :
                                                :
RESPONDENT:                                     :
                                                :
**GRUMA CORPORATION D/B/A**                     :
**MISSION FOODS**                               :
                                                :

1.  The Complainant herein is:

    Name:        David Asante-Ansong

    Address:     

2.  The Respondent herein is:

    Names:       Gruma Corporation d/b/a Mission Foods

    Address:     15 Elmwood Avenue
                 Mountain Top, PA 18707

3.  I, David Asante-Ansong, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my race (black) and/or national origin (Ghanaian), as set forth below:

**Discrimination**

A.  **I specifically allege:**

    (1)  I was hired by Respondent on September 5, 2017.

    (2)  I held the position of Human Resources Representative.

(3)  I consistently performed my job duties in a highly competent manner, and received positive feedback.

(4)  I last reported to Petra Ann Lee (Hispanic) (Guyanese)[1], who reported to Kevin Schuman (white) (American), Human Resources Director.

(5)  Between September 2017 and October 2017, I reported to Hector Salgado (Hispanic) (Mexican), Human Resources Manager.

(6)  In or about October 2017, Salgado separated from Respondent.

(7)  Between October 2017 and January 2018, I performed the duties and responsibilities of the Human Resources Manager.

(8)  In or about January 2018, I applied and was interviewed for the open Human Resources Manager position.

(9)  In or about January 2018, Respondent failed to promote me to the open Human Resources Manager position. The stated reason was that the Human Resources Manager position required fluency in Spanish.

(10)  Respondent's stated reason for not promoting me to the Human Resources Manager position is pretext.

(11)  I was not promoted because of my race and/or national origin.

(12)  Respondent hired Harold Smith (white) (American), an external candidate, as Human Resources Manager instead of me.

(13)  I was more qualified than Smith to perform the Human Resources Manager position.

(14)  In January 2018, I began reporting to Smith.

(15)  In or about August 2018, Smith was terminated from Respondent.

---

[1] All ethnicities and national origins stated herein are to the best of my knowledge.

(16) Between August 2018 and October 2018, I performed the duties and responsibilities of the Human Resources Manager.

(17) Respondent failed to promote me to, or interview me for, the Human Resources Manager position because of my race and/or national origin.

(18) In or about October 2018, Respondent selected Phillip Selig (white) (American) as the interim Human Resources Manager.

(19) In or about October 2018, I began reporting to Selig.

(20) Although Selig was the interim Human Resources Manager, I continued to perform the duties and responsibilities of the Human Resources Manager position from October 2018 through March 2019.

(21) I was more qualified than Selig to perform the interim Human Resources Manager position.

(22) Respondent failed to promote me to, or interview me for, the interim Human Resources Manager position because of my race and/or national origin.

(23) In or about March 2019, Anabell Saunders (Hispanic) (American), an external candidate, was hired as Human Resources Manager.

(24) I was more qualified than Saunders to perform the Human Resources Manager position.

(25) Respondent failed to promote me to, or interview me for, the Human Resources Manager position because of my race and/or national origin.

(26) In or about March 2019, I began reporting to Saunders in this capacity.

(27) In or about April 2019, Saunders separated from Respondent.

(28)  Between April 2019 and June 2019, I performed the duties and responsibilities of the Human Resources Manager.

(29)  Respondent failed to promote me to, or interview me for, the Human Resources Manager position because of my race and/or national origin.

(30)  In or about June 2019, Respondent hired Petra Ann Lee (Hispanic) (Guyanese) as Human Resources Manager.

(31)  To my knowledge and belief, Lee does not speak Spanish.

(32)  I was more qualified and experienced than Lee to perform the Human Resources Manager position.

(33)  I consistently performed the Human Resources Manager position in a highly competent manner, and received positive feedback.

(34)  Respondent's stated reason for failing to promote me to that Human Resources Manager position – fluency in Spanish – is pretext.

(35)  Respondent failed to promote me because of my race and/or national origin.

(36)  To my knowledge and belief, Respondent has not hired or promoted any Black individuals to the Human Resources Manager position.

(37)  To my knowledge and belief, Respondent has not hired or promoted any individuals of African descent to the Human Resources Manager position.

(38)  On August 5, 2019, in a meeting with Lee and Respondent's Plant Manager, Hugo Andrade (Hispanic) (American), I was terminated, effective immediately.

(39)  Both Lee and Andrade told me that they did not know the reason for my termination.

(40)  Respondent terminated my employment because of my race and/or national origin.

(41)  I received no explanation, including the selection criteria, as to why I was terminated and the white and/or non-Ghanaian employees were retained.

(42)  Respondent's conduct evidences a bias against black and/or Ghanaian employees.

(43)  To my knowledge and belief, I was one (1) out of two (2) black employees, out of six (6) employees in Respondent's Human Resources department.

(44)  Respondent's demographics evidence a bias against black employees.

B.     Based on the aforementioned, I allege that Respondent has discriminated against me because of my race (black) and/or my national origin (Ghanaian), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     __X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  __(a)__**

     ____     Section 5.1 Subsection(s) _____

     ____     Section 5.2 Subsection(s) _____

     ____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     __X__     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

   **A.** Make the Complainant whole.

   **B.** Eliminate all unlawful discriminatory practice(s) and procedure(s).

   **C.** Remedy the discriminatory effect of past practice(s) and procedure(s).

   **D.** Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

   **E.** Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

09/20/2019
(Date Signed)

(Signature)   **David Asante-Ansong**

# EXHIBIT B

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **David Asante-Ansong** ███████ ████████ | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60148** | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*         **03/05/2021**

Enclosures(s)        **Jamie R. Williamson**<br>**District Director**      *(Date Issued)*

cc:    **GRUMA CORPORATION DBA MISSION FOODS**

**Anna D. Norman, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
norman@consolelaw.com
buccieri@consolelaw.com

**Stephanie M. Johnson**
**Director, Corporate Counsel**
**Gruma Corporation/Mission Foods**
**5601 Executive Drive, Suite 800**
**Irving, TX 75038**
Stephanie_johnson@missionfoods.com
SJOHNSON1@missionfoods.com